FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE BLAIR,<br><br>        Petitioner,<br><br>v.<br><br>DONNA ZAVISLAN,<br><br>        Respondent. | 2:17-cv-00346-SAB<br><br>**ORDER DISMISSING PETITION AS TIME-BARRED** |

    By Order filed November 28, 2017, the Court directed Petitioner, a prisoner at the Washington Corrections Center for Women, to show cause why her *pro se* Petition for Writ of Habeas Corpus should not be dismissed as untimely under 28 U.S.C. § 2244(d), ECF No. 9. Petitioner submitted a timely response, ECF No. 10.

    Liberally construing this response in the light most favorable to Petitioner, however, the Court finds she has failed to present a statutory or equitable basis for tolling the federal limitations period.

    The United States Supreme Court has determined that "a petitioner is entitled to equitable tolling only if [she] shows (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner has failed to show that some

**ORDER --** 1

"external force" caused her untimeliness, rather than mere "oversight, miscalculation or negligence." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). She has failed to show that she was delayed by circumstances "beyond [her] direct control," and not by her or her counsel's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Petitioner asserts that she has been asserting her innocence of the charges lodged against her from the beginning. She contends that she pursued a timely direct appeal and a collateral attack, properly exhausting her claims to the state's highest court.

According to Petitioner, the Washington State Supreme Court affirmed her convictions and sentence on appeal on March 7, 2014, and she did not seek *certiorari* in the United States Supreme Court. ECF No. 10 at 2. Consequently, the federal limitations period began to run on June 5, 2014. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). It expired a year later on June 5, 2015. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Petitioner asserts she filed a timely Personal Restraint Petition ("PRP") on September 4, 2015. While the petition may have been timely under Washington law, the federal limitations period had already expired on June 5, 2015. Therefore, the state petition could not toll the already expired period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner contends she has diligently pursued her rights and "forces beyond her control" "contributed significantly" to her ability to timely file a habeas petition. She admits that she waited until "the last day of my one-year filing deadline" to file her state Personal Restraint Petition, ECF No. 10 at 13. Contrary to Petitioner's contention, this does not show diligence.

Petitioner claims she was confined in closed custody with "extremely limited movement" for the first four years of her incarceration. She asserts that

**ORDER --** 2

"only this year" was she transferred to a less restrictive unit. ECF No. 10 at 5. She complains she had to utilize the "kite" system to research, draft and prepare legal pleadings. *Id.* at 13. Many prisoners have limited access to legal materials and law libraries. Consequently, Petitioner's contentions do not demonstrate "extraordinary circumstances" that would excuse her failure to file a federal habeas petition before June 5, 2015.

For the reasons set forth above and in the Order to Show Cause, ECF No. 9, **IT IS ORDERED** the Petition filed following payment of the $5.00 filing fee on November 9, 2017, ECF No. 8, is **DISMISSED** as untimely under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner and CLOSE the file. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 12th day of January 2018.



Stanley A. Bastian
United States District Judge

ORDER -- 3